# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEWIS,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>**COMMONWEALTH OF PENNSYLVANIA,** )<br>**PENNSYLVANIA STATE POLICE;** and )<br>**JEFFREY B. MILLER,** in his official capacity as )<br>**COMMISSIONER OF THE PENNSYLVANIA** )<br>**STATE POLICE,** )<br>)<br>Defendants. ) | **2:06cv1162**<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 1st day of December, 2010, after de novo review of the record and upon due consideration of [57] the magistrate judge's report and recommendation filed on October 5, 2010, [58] defendants' objections thereto and [59] plaintiff's response to defendants' objections, IT IS ORDERED that [50] the Defendant's Motion for Summary Judgment be, and the same hereby is, denied. The report and recommendation as augmented herein is adopted as the opinion of the court.

Defendants' objections are without merit. The magistrate judge's thorough report correctly characterized the issues and properly concluded that material issues of genuine fact exist as to whether plaintiff had a history of hypoglycemic episodes prior to his disqualification from the PSP Cadet Program, and, if so, whether this history in conjunction with plaintiff's HgbA1C levels established an unacceptably high risk of future hypoglycemic episodes that would bar an individual from performing the essential functions of a state trooper. Defendant's attempt to circumvent the existence of these issues by relying on an argument that characterizes the issue as

1

one of severity of harm, rather than probability of harm, is unavailing.

As defendant argues in his own summary judgment motion, the sole issue that remains is whether plaintiff is "otherwise qualified" for the state trooper position. Questions involving the consequences that would arise in the event of a hypoglycemic episode cannot be divorced from the threshold inquiry of whether plaintiff had ever suffered from hypoglycemic episodes in the past. The record and credible evidence clearly demonstrate that a material issue remains as to whether plaintiff ever suffered from hypoglycemic episodes at all. Even if defendant could show that plaintiff suffered from hypoglycemia on occasion, a grant of summary judgment in defendant's favor remains improper because he has not shown that plaintiff would have had difficulty performing his job responsibilities. See Simms v. City of New York, 160 F.Supp.2d 398, 405 (E.D. N.Y. 2001) (Evidence that the plaintiff suffered from hypoglycemia from time to time was not dispositive at summary judgment where there was no evidence that the plaintiff had difficulty performing his job responsibilities.).

Further, defendant's argument that the "key to this case is . . . what could possibly happen if plaintiff had an episode in the future" is misguided. The key to this case is whether plaintiff, with or without reasonable accommodations, is otherwise qualified to perform the essential functions of a state trooper, regardless of whether he previously suffered from hypoglycemic episodes. Defendant essentially urges the court to bypass the "otherwise qualified" inquiry by employing a "severity of harm" analysis that focuses solely on the consequences of a condition that is contested by plaintiff and has not been conclusively established. To do so would be improper because defendant has not presented anything more than mere speculation as to the possible safety concerns posed by plaintiff's diabetic condition. See Dipol v. New York City Transit Authority, 999 F. Supp.2d 309, 315 (E.D. N.Y. 1998) ("[F]or Defendants to show that Plaintiff was not qualified for his job in light of his diabetes, Defendants must present more than speculation as to possible safety concerns posed by Plaintiff's condition."); see also Simms, 160 F.

Supp.2d at 406 (rejecting the defendant's argument that the court should consider the likelihood of a hypoglycemic episode occurring as well as the magnitude of any resulting consequences where the defendant has not produced evidence "demonstrating that plaintiff's diabetes rendered him incapable of performing his job responsibilities.").

Moreover, defendant's own evidence appears to defeat any argument that the severity of harm, in and of itself, constitutes an unacceptable consequence of plaintiff's disability such that summary judgment must be granted. As highlighted by the magistrate judge, a state trooper in 2004 suffered from a hypoglycemic episode while on duty and was able to return to work following the episode. The issue of severity of harm, while relevant, is not an independent avenue to summary judgment and does not, without more, warrant a finding that plaintiff was not "otherwise qualified" for the state trooper position.

Finally, assuming for the sake of argument that plaintiff did suffer from hypoglycemic episodes in the past, and that the severity of harm is substantial, genuine issues of material fact remain as to whether plaintiff is able to take preventative measures to avoid or sufficiently monitor and control the episodes. See Onken v. McNeilus, 639 F.Supp.2d 966, 980 (N.D. Ia. 2009) (recognizing that a relevant inquiry is whether a diabetic employee is able to monitor their diabetes properly such that the risk is controllable). Factual issues remain as to whether the severity of harm could be reduced, and/or whether any reasonable accommodations would render plaintiff "otherwise qualified" for the position. See Simms, 160 F.Supp.2d. at 405 (Evidence that merely demonstrated that the plaintiff suffered from hypoglycemia was not sufficient to show that the condition rendered the plaintiff incapable of performing his job responsibilities). Accordingly, defendants are not entitled to summary judgment.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:      The Honorable Cathy Bissoon
United States Magistrate Judge

Gregory G. Paul, Esquire

Robert A. Willig, Esquire

Via: CE/ECF Electronic Filing